UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **ROBERT CARAMANICA**<br>     **LA. DOC #407647** | **CIVIL ACTION NO. 2:10-cv-0407** |
| **VERSUS** | **SECTION P** |
| | **JUDGE TRIMBLE** |
| **WARDEN, ELAYN HUNT**<br>**CORRECTIONAL CENTER** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Robert Caramanica filed the instant petition for writ of *habeas corpus* on March 10, 2010. Doc. 1. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at Elayn Hunt Correctional Center, St. Gabriel, Louisiana. Petitioner attacks his 2008 sentence for manslaughter that was imposed by Louisiana's Fourteenth Judicial District Court, Calcasieu Parish.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as same is without merit.

### *Background*

The unpublished opinion of the Court of Appeal of Louisiana, Third Circuit, in *State v. Caramanica*, 2009 WL 838110 (La. App. 3 Cir.), 2008-1056 (La. App. 3 Cir. 4/1/09) gives a detailed recitation of facts in regard to this matter. Specifically, in March of 1987 Gerald Murray was murdered. *Id.* at 1   Petitioner and Murray were co-workers. *Id.* In April of 1987

investigators contacted petitioner by telephone. Petitioner was in Florida at the time but agreed to travel to Lake Charles to speak to investigators on April 29, 1987. *Id*. He did not appear as promised. *Id*.

A warrant was issued and petitioner was arrested in Florida on May 28, 1988. *Id*. He was returned to Calcasieu Parish, where he voluntarily gave a recorded statement. *Id*. He refused to testify before a grand jury and was released from custody. *Id*. Fifteen years later, in April of 2002, the Cold Case Homicide Unit of the Calcasieu Parish Sheriff's Office began a review of Murray's unsolved murder. *Id*. The investigation continued and petitioner was eventually arrested. *Id*. at 2.

On September 16, 2004, petitioner was indicted by a grand jury with the second degree murder of Gerald Murray. *Id.* Petitioner was arraigned on November 29, 2004, and a jury trial began on November 13, 2007. *Id*. On November 16, 2007, petitioner entered a plea of no contest to the reduced charge of manslaughter. *Id*. He was sentenced on February 22, 2008, to twenty-one years at hard labor, with credit for time served from the date of his arrest. *Id*. On an unknown date, a motion to reconsider was filed and denied.[1]

Petitioner appealed his sentence. On April 1, 2009, the Court of Appeal of Louisiana, Third Circuit, affirmed his sentence. The Louisiana Supreme Court denied Writs on March 5, 2010. *See State ex rel. Robert Caramanica v. State of Louisiana*, 2009-KO-0923.

Petitioner filed the instant petition on March 10, 2010. Doc. 1. He filed an amended petition on June 21, 2011. Doc. 11. Petitioner argues that he was denied his right to a speedy

---

[1] On September, 18, 2009, petitioner filed a civil rights suit in the Middle District of Louisiana. The complaint was actually entitled "motion for emergency injunction." In the motion, petitioner stated that in September 2008, he filed a post-conviction writ in the 14th JDC, arguing that his conviction was obtained by an unknowing and involuntary plea agreement. *See Caramanica v. The State of Louisiana*, 3:9-cv-781 (Middle District

trial and that his sentence and conviction were illegally obtained as the statute of limitations had expired some sixteen years prior to his conviction.  Doc. 11, p. 1-6.  Petitioner cites to Louisiana code articles and case law from the 1800's and early 1900's in support of his premise that when a person is charged with murder and is convicted of manslaughter, he cannot be prosecuted unless the indictment is had within one year after the offense has been made known to a public officer having the power to direct a public prosecution.  Doc. 11, p. 4.

Petitioner also relies on Article 572 of the Louisiana Code of Criminal Procedure in support of his argument that the statute of limitations for prosecution had expired.  Doc. 11, p. 6.  Article 572 states in pertinent part: "...no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed: (1) Six years, for a felony necessarily punishable by imprisonment at hard labor..."  LA. CODE. CRIM. PROC. ART. 572.  Petitioner states that as he pled to manslaughter, a crime punishable by imprisonment at hard labor, Article 572 applies prohibiting prosecution that is not instituted within six years from the time the offense was committed.  Doc. 11, p. 6.  Further, petitioner contends that the institution of prosecution in this matter began to run from the date of his arrest as a material witness in May of 1988.  *Id*.

*Law and Analysis*

1. *Exhaustion of State Court Remedies*

    Title 28 U.S.C. § 2254 states, as relevant to this proceeding:

    > (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

---

of Louisiana, Baton Rouge Division).

>  (A) the applicant has exhausted the remedies available in the courts of the State; or
>  (B)(i) there is an absence of available State corrective process; or
>  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>  \*   \*   \*
>  (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The exhaustion doctrine set forth in § 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276 (1971). In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.

1982), *cert. denied*, 460 U.S. 1056 (1983).  In Louisiana, the highest state court is the Louisiana Supreme Court.

The instant petition raises two grounds or claims for relief – expiration of the applicable statute of limitations and denial of the right to a speedy trial.  Doc. 11, p. 1-8.  Despite petitioner's attestations to the contrary, it does not appear that he litigated those claims in the Louisiana Courts.

More specifically, the Court of Appeal opinion listed two assignments of error: (1) excessiveness of sentence; and (2) violation of his right to a speedy trial when the trial court allowed other crimes, wrongs, or acts and extraneous and prejudicial remarks by a law enforcement officer to be introduced at trial.  These are clearly not the grounds raised by petitioner in his § 2254 petition.  Since these claims have not been "fairly presented" and thus exhausted in the state courts, the petition is subject to dismissal.  It should be noted that it does not appear that the timeliness provisions of Louisiana's Post-Conviction Relief statute would prohibit petitioner from litigating his unexhausted claims at this time.  Article 930.8 of the *Louisiana Code of Criminal Procedure* provides for a two-year limitations period for filing applications for post-conviction relief; this limitations period is calculated from the date that the applicant's judgment of conviction became final under Louisiana law.  In petitioner's case, his judgment of conviction became final under Louisiana law (La. C.Cr.P. art. 922(D)) when the Louisiana Supreme Court denied his writ application on March 10, 2010.  Under the cited article, then, petitioner's right to seek post-conviction relief would not expire until the corresponding date in March 2012.

   2. *Merits of the Claims*

However, even though the information provided by petitioner thus far does not establish

that his Louisiana claims have been exhausted, he has nevertheless provided all of the information needed to resolve the merits of his claims.

An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(2). Further, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that following examination of the pleadings by the court, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), "The district court has the power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.' 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes."

Caramanica is a *pro se* petitioner. In this circuit pro se habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as are pleadings filed by lawyers. *See Martin v. Maxey*, 98 F.3d 844, 847 n. 4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981). This court accords petitioner's federal habeas petition a broad interpretation. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

Even following this standard, based upon the court's review of the pleadings and exhibits, it is recommended that the application be dismissed for the reasons set forth herein.

### 3. *Expiration of Time Limitations for Commencing Prosecution*

Petitioner claims that the State, in allowing twenty-one years to pass between the time of the crime and the time it prosecuted him in connection with said crime, violated time limitations imposed under article 572 of the *Louisiana Code of Criminal Procedure*. Petitioner's claim is without merit.

First, federal *habeas corpus* review is limited to questions of constitutional dimensions. *See generally Jernigan v. Collins*, 980 F.2d 292, 298 (5th Cir.1992), cert. denied, 502 U.S. 1113 (1993). Absent a due process violation, federal habeas corpus relief is not warranted by virtue of the fact that a state proceeding may have been violative of state procedural law. Second, in the instant matter, no state time limitations were violated. Article 571 of the *Louisiana Code of Criminal Procedure* states there is no time limitation upon the institution of prosecution for a crime punishable by life imprisonment, as second degree murder is, or for crimes punishable by death. Petitioner faced a possible life sentence for the original charge of second degree murder. It was not until trial was underway that he pled to manslaughter. Article 574 of the *Louisiana Code of Criminal Procedure* states that the time limitations applicable to the offense for which a person is prosecuted apply to a conviction or punishment for a lesser and included offense.

Article 578 of the *Louisiana Code of Criminal Procedure* is also instructive in this case. Specifically, it sets forth a time limitation[2] for the commencement of trial once a prosecution, via the filing of a charge, has been initiated. Contrary to petitioner's contention that prosecution in this matter began when he was arrested as a material witness in 1988, the initiation of the suit began upon the issuance of an indictment by the grand jury. *See* La. C.Cr.P. art. 382. In any

---

[2] Three years from the date of institution of the prosecution in capital cases; two years from the date of institution of the prosecution in other felony cases.

event, La.Code Crim. Proc. art. 581, makes it clear that the dismissal of an indictment based on the expiration of limitations is waived unless a motion to quash is made prior to trial. There is nothing to suggest that such is the case in this matter.

### 4. *Claim as to the No Contest Plea* [3]

Although petitioner's amended petition is devoid of any claim concerning his plea, the court, in an abundance of caution, will address this issue as his original petition stated that he was promised parole in exchange for his plea.[4]

A federal court will uphold a guilty plea challenged in a *habeas corpus* proceeding if the plea was knowing, voluntary and intelligent. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985), cert. denied, 474 U.S. 838 (1985). The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), cert. denied, 503 U.S. 988 (1992). "When considering challenges to guilty plea proceedings, [the courts] have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *United States v. Garcia*, 983 F.2d 625, 627-28 (5th Cir. 1993). The consequences of a guilty plea means only that the defendant knows "the maximum prison term and fine for the offense charged." *Ables v. Scott*, 73 F.3d 591, 592 n. 2 (5th Cir. 1996).

---

[3] Under Louisiana law, a plea of no contest is equivalent to an admission of guilt and is treated as a guilty plea. *See State v. Gordon*, 896 So.2d 1053, 1061 (La. App. 1 Cir. 2004), writ denied, 897 So.2d 600 (La.2005). A validly entered guilty plea, or plea of *nolo contendere*, waives any right a defendant might have had to question the merits of the state's case and the factual basis underlying the conviction. *See State v. Kennedy*, 974 So.2d 203, 207 (La.App.2008); *State v. Despanie*, 949 So.2d 1260, 1266 (La.App. 3 Cir. 2007); *State v. Johnson* 893 So.2d 945, 950 (La.App. 3 Cir. 2005); *State v. Brooks*, 882 So.2d 724 (La.App. 2 Cir. 2004), *writ denied*, 896 So.2d 30 (2005).

[4] There is nothing to indicate that petitioner raised this ground in his state proceedings.

There is no indication in the record, and petitioner does not assert, that his no contest plea was the product of coercion. Further, the record in this case shows that petitioner appeared in open court and entered a plea of no contest. Petitioner entered his plea after a jury was selected and trial had begun. In exchange for his plea, he derived a significant benefit from his plea agreement which drastically reduced his sentencing exposure. The trial court accepted his plea. There is nothing in the record that indicates that his plea was not made with the knowledge of the sentence he could receive and an awareness of the nature of the charge against him. Accordingly, any claim that petitioner may have made in regard to his plea is without merit.

Based upon the court's review of the pleadings, exhibits, and published jurisprudence, it is recommended that the application be summarily dismissed for the reasons set forth above.

*Conclusion*

Therefore, **IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts since it plainly appears from the face of the petition that the petitioner's claims are without merit and he has failed to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Serv. Auto. Ass'n***, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 8th day of September, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE